IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANCISCO EFRAIN ARZOLA,

    Plaintiff,

  v.                                       No. CIV 14-0318 MCA/KK

WILLIAM HENRY, MAGISTRATE JUDGE,
HOBBS NM,
LEA COUNTY,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names a New Mexico magistrate judge and Lea County as Defendants. Plaintiff alleges that he had posted bond in a criminal proceeding pending in Lovington, New Mexico, when his case venue was transferred to Hobbs, New Mexico. In Hobbs, Judge Henry then ordered him re-arrested, increased his bail, and ordered him detained. Plaintiff claims that Defendants' actions amounted to wrongful imprisonment and double jeopardy and caused him pain, suffering, and mental anguish. His re-incarceration caused him to lose physical custody of his son. The complaint seeks damages.

Plaintiff's allegations do not support § 1983 claims against Defendant Henry. "It is well-settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties." *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978) (additional citations omitted)). Plaintiff alleges acts by Defendant Henry taken exclusively in his judicial role and this claim will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2). Furthermore, Plaintiff makes no factual allegations against Defendant Lea County. "[T]he affirmative link described in *Rizzo*[ *v. Goode*, 423 U.S. 362, 370-77 (1976),] and its progeny must be alleged in the complaint as well as proven at trial." *Stidham v. Peace Officer Standards And Training*, 265 F.3d 1144, 1157 (10th Cir. 2001). The Court will also dismiss Plaintiff's claims against this Defendant.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE